IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OCHOLI IREDIA, et al. | : | CIVIL ACTION |
| v. | : | |
| KAREN FITZGERALD, District Director, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, et al. | : | NO. 10-228 |

MEMORANDUM

McLaughlin, J.                                              July 27, 2010

      This action arises out of the decision of the United States Citizenship and Immigration Service ("USCIS") to deny a couple's applications for adjustment of status. The plaintiffs, Chinwe Uba and Ocholi Iredia, claim that the USCIS improperly denied their applications to adjust Iredia's immigration status based on limited evidence of a prior fraudulent marriage. The defendants (Karen Fitzgerald, the District Director for the Philadelphia District of the USCIS; Alejandro Mayorkas, the director of the USCIS; Janet Napolitano, the Secretary of Homeland Security; and Eric Holder, the Attorney General) move to dismiss the complaint. They assert that the Court lacks jurisdiction over this final agency action and that the plaintiffs fail to state a claim. The Court will grant the defendants' motion to dismiss.

I. Background

Plaintiff Chinwe Uba is a United States citizen married to plaintiff Ocholi Iredia, a citizen of Nigeria. Complaint, ¶ 2. On March 10, 2008, after the couple married, Uba filed an I-130 Petition for Alien Relative on behalf of Iredia, and Iredia filed an I-485 Application for Adjustment of Status.[1] Id.; Def. Motion, 3. The USCIS sent Uba a Notice of Intent to Deny related to her petition due to evidence that Iredia had previously conspired to obtain an immigrant visa based on a fraudulent marriage. Def. Motion, 3. Under 8 U.S.C. § 1154(c), immigration petitions cannot be approved for aliens who previously attempted or conspired to marry to evade immigration laws. 8 U.S.C. § 1154(c).

Iredia married his prior spouse, a United States citizen, in 2000, and the USCIS denied the prior spouse's I-130 petition on Iredia's behalf in 2002 due to the couple's 2001 divorce. Def. Motion, 3. On July 18, 2008, this prior spouse made a sworn statement that Iredia had married her for immigration purposes. She had been promised $5000.00 for the marriage, but received nothing. Although she lived with Iredia as roommates, she stated that they had never shared a bed. Sworn Statement, Def. Ex. B.

---

[1] A citizen seeking permanent residency for his or her alien spouse files an I-130 Petition for Alien Relative on behalf of the alien spouse. The alien spouse files an I-485 Application for Adjustment of Status on his or her own behalf.

After Uba received the Notice of Intent to Deny related to her I-130 petition, she had the opportunity to provide evidence to rebut the finding. She submitted documents and photos supporting her claim that Iredia's prior marriage was bona fide.[2] After reviewing this evidence, the USCIS issued a Notice of Decision denying Uba's I-130 petition, and another denying Iredia's I-485 application. Notices of Decision, Def. Exs. C and E, respectively. The USCIS stated that the plaintiffs' evidence did not demonstrate clear and convincing evidence of a former bona fide marriage, which was their burden of proof. Def. Ex. C.

Uba appealed the USCIS's decision on Uba's I-130 petition to the Board of Immigration Appeals ("BIA"), and the BIA affirmed the denial of the I-130 petition as barred by § 1154(c). The BIA explained that Uba failed to show why Iredia's prior spouse would incriminate herself by lying if the marriage was in fact bona fide. Also, the record contained "substantial and probative evidence that the beneficiary's marriage to his prior spouse was fraudulent." BIA Decision, Def. Ex. G.

The plaintiffs contend that Iredia's prior marriage was bona fide. They dispute how some of Iredia's prior spouse's

---

[2] These documents included: photographs of Iredia, the prior spouse and her children; an insurance letter for the couple; mail for the spouse with Iredia's last name; the spouse's criminal records; and Iredia's own statement. Iredia Response, Def. Ex. D.

3

answers were construed in the adjudication, emphasizing that the couple married for love but the marriage failed due to Iredia's prior spouse's personality and criminality.[3]  Pl. Opp., 5-7. Iredia states that his ex-wife would have the incentive to lie because she harbors ill will towards him.  Id. at 8.

II.  Analysis

The plaintiffs filed a complaint for declaratory and injunctive relief and/or a writ in the nature of mandamus.  Count One is a claim for violations of the Administrative Procedure Act ("APA"), and a writ of mandamus.  Count Two is a claim for a violation of the Fifth Amendment Due Process Clause.

The defendants filed a motion to dismiss the complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  They state that the Court lacks jurisdiction over the plaintiffs' claims because their applications have been fully and fairly adjudicated by the USCIS.  The defendants also assert that the complaint should be dismissed for failure to state a claim because the applications were properly denied and the USCIS provided the plaintiffs with the required due process.  Def. Motion, 1, 9, 11 and 15.

---

[3] The plaintiffs were not provided with the statement by the prior spouse until the defendants filed their Motion to Dismiss. Pl. Reply, 4.

The Court finds that it does not have jurisdiction to issue a writ of mandamus. To the extent that it has jurisdiction over the plaintiffs' APA claim, the Court dismisses it for failure to state a claim. The Court also dismisses the plaintiffs' due process claim.

A. Jurisdiction

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction challenges the Court's power to hear the claim. Fed. R. Civ. P. 12(b)(1). A court must dismiss a case if it lacks jurisdiction because federal courts have limited jurisdiction. Id.; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). In matters challenging a court's jurisdiction, the plaintiff has the burden of persuasion to prove jurisdiction. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991).

1. Mandamus

The plaintiffs seek a writ of mandamus on two grounds. First, the plaintiffs seek mandamus to compel the USCIS to fully and fairly adjudicate their pending applications. Second, the plaintiffs seek mandamus to compel the USCIS to re-adjudicate and grant the applications.

Mandamus compels an officer or employee of the United States to perform a duty. 28 U.S.C. § 1361. Mandamus relief is available only if a plaintiff has exhausted all other means to attain the relief and the defendant owes a clear, nondiscretionary duty. Harmon Cove Condominium Assoc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (citing Heckler v. Ringer, 466 U.S. 602, 616 (1984)). The party seeking mandamus has the burden to prove that the right to the writ is "clear and indisputable." Id. (citing Will v. United States, 389 U.S. 90, 96 (1967)).

There must be a case or controversy for a federal court to consider a case. North Carolina v. Rice, 404 U.S. 244, 246 (1971). Claims must affect the legal relations of the parties with specific relief; otherwise, the action is moot and the court lacks subject matter jurisdiction. Id.

There is no jurisdiction to compel the agency to adjudicate because the plaintiffs' I-130 petition and I-485 application have been fully adjudicated by the USCIS. When there is no possibility for plaintiffs to obtain the relief they request, the claim is moot and should be dismissed for lack of jurisdiction. See Ordonez-Garay v. Chertoff, No. 06-1835, 2007 WL 2904226, at *3 (E.D. Cal. Oct. 3, 2007) (denying jurisdiction under mandamus because the matter had been resolved). Because the USCIS has already adjudicated the plaintiffs' petitions, their claim is moot and the Court lacks jurisdiction.

To the extent that the plaintiffs ask the Court to issue a writ of mandamus compelling the USCIS to reopen and grant the I-130 petition and I-485 application, the Court declines, concluding that it lacks jurisdiction. First, the Court lacks jurisdiction over Iredia's I-485 application. The adjudication of an I-485 application is discretionary, and judicial review is statutorily barred under 8 U.S.C. § 1252(a)(2)(B). See 8 U.S.C. § 1252(a)(2)(B); 8 U.S.C. § 1255(a); see, e.g., Da Silva v. Gonzales, No. 07-2278, 2008 U.S. Dist. LEXIS 23989, at *6 (D.N.J. Mar. 26, 2008).

Second, although the adjudication of an I-130 petition is not discretionary for the purposes of 8 U.S.C. § 1252(a)(2)(B), the remedy of mandamus is not generally available to compel favorable adjudication of an application. See, e.g., Hussain v. United States, No. 09-CV-895, 2009 U.S. Dist. LEXIS 67008, at *15-16 (E.D.N.Y. Aug. 3, 2009) (holding that the mandamus statute does not confer subject matter jurisdiction when there is no duty that the USCIS is compelled to perform); Espin v. Gantner, 381 F. Supp. 2d 261, 264 (S.D.N.Y. 2005) (finding no jurisdiction over an action to compel the USCIS to approve an adjustment of status application). To prevail in seeking mandamus to compel the re-adjudication and the granting of Uba's I-130 petition, the plaintiffs would have to prove that the defendants owe a clear, nondiscretionary duty, and that their

7

right to it is "clear and indisputable." See Harmon Cove, 815 F.2d at 951. Considering the substantial evidence of prior marriage fraud that bars favorable adjudication of the I-130 petition under 8 U.S.C. § 1154(c), the plaintiffs have not shown a clear and indisputable right to re-adjudication. Thus, the Court denies the writ of mandamus to compel the agency to reopen and grant the plaintiffs' petitions.

2. Declaratory Judgment Act

The plaintiffs assert jurisdiction under the Declaratory Judgment Act; however, the Declaratory Judgment Act does not independently create jurisdiction for federal courts, instead only increasing the range of remedies available. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

3. APA

The APA provides the standards for reviewing agency action when jurisdiction is established, and does not in itself confer subject matter jurisdiction for judicial review of agency action. Califano v. Sanders, 430 U.S. 99, 107 (1977). However, a court may have jurisdiction under 28 U.S.C. § 1331 over a claim that an agency violated the APA. A person suffering a legal wrong due to agency action is entitled to judicial review under section 702 of the APA, except when the statutes preclude

8

judicial review or the agency action is committed to agency discretion by law. 5 U.S.C. § 702; 5 U.S.C. § 701(a); <u>Smriko v. Ashcroft</u>, 387 F.3d 279 (3d Cir. 2004). The Court will assume jurisdiction under this section and will consider the defendants' failure to state a claim argument below.[4]

   B.   <u>Failure to State a Claim</u>

Only a complaint with a plausible claim for relief will survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1940 (2009). In making this determination, the Court need not accept as true a complaint's legal conclusions. <u>Id.</u> The plaintiff must make sufficient factual allegations to raise the right to relief beyond speculation. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231-32 (3d Cir. 2008) (citing <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007)).

      1.   <u>Arbitrary and Capricious Standard under the APA</u>

A court can set aside the USCIS and BIA's decisions under § 706(2)(A) of the APA if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Because the plaintiffs have not shown that it is plausible

---

[4] The Court has jurisdiction under 28 U.S.C. § 1331 to consider Count II -- an alleged violation of the due process clause.

9

that the agency acted arbitrarily and capriciously, the Court dismisses the claim.

A review under the arbitrary and capricious standard is narrow, and a court should not substitute its own judgment. Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983). An agency's ruling is arbitrary and capricious if it is contrary to factors Congress intended to be considered, it failed to consider an aspect before it, the decision runs counter to the evidence, or the decision is implausible. Id. Additionally, a reviewing court must look at the reasons articulated by the agency itself at the time of the decision rather than post-hoc rationalizations. Id. at 50.

In the realm of marriage fraud, a determination of fraud or attempted fraud under § 1154(c) must be supported by "substantial and probative" evidence. Matter of Tawfik, 20 I. & N. Dec. 166, 167 (BIA 1990). Thus the Court must determine if there was evidence that "a reasonable mind might accept as adequate to support a conclusion." Consolidated Evidence v. NLRB, 305 U.S. 197, 229 (1938). In immigration petition proceedings, the applicant has the burden of establishing eligibility, including the absence of prior marriage fraud. See Matter of Brantigan, 11 I. & N. Dec. 493 (BIA 1966).

There is deference to agency determinations in immigration decisions, and a court cannot re-weigh evidence

10

simply because the plaintiff disputes the agency's finding. Instead, the evidence must compel a different decision to be arbitrary and capricious.  See Ghaly v. INS, 48 F.3d 1426, 1430 (7th Cir. 1995) (finding reliance on an ex-wife's sworn statement was substantial evidence and court could not re-weigh this evidence); Ayanbadejo v. Napolitano No. H-06-1177, 2009 WL 2996992, at *8 (S.D. Tex. Sep. 15, 2009) (holding that the evidence did not compel a different conclusion and thus was not arbitrary and capricious).

Because there is evidence in the record supporting the finding of a sham marriage, the agency's decision was not arbitrary and capricious.  There was a rational relationship between the facts found and the choice made.  The plaintiffs question the agency's decision for not relying on the evidence they submitted, but the agency simply chose to believe the ex-wife, who had no demonstrated reason to lie, over the plaintiffs. The conclusion that the plaintiffs failed to meet the burden to prove the validity of the marriage was reasonable.  The USCIS provided full decisions explaining the evidence against the plaintiffs, and their reasons for discounting the evidence presented.  Def. Exs. C and G.  The agency weighed the evidence, and a reasonable mind could accept their determination.

2.  Due Process

Because the plaintiffs do not articulate whether their due process claim is procedural or substantive, the Court will address and dismiss both for failure to state a claim.

a.  Substantive Due Process

To state a claim for denial of substantive due process, a plaintiff must allege that he was denied a protected interest by arbitrary or capricious government action. See Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). There is a fundamental right to marry and raise a family. Zablocki v. Redhail, 434 U.S. 374 (1978). But an alien does not have a liberty interest in favorable adjudication of an immigration petition. See Ashley v. Ridge, No. 04-cv-1579, 2005 WL 1126800, at *4 (D.N.J. May 12, 2005). Nor does a spouse have a fundamental right to have her alien spouse remain in the United States, particularly in light of the restriction on immigration in the presence of marriage fraud in § 1154(c). See Barmo v. Reno, 899 F. Supp. 1375, 1384 (E.D. Pa. 1995) (upholding § 1154(c) in light of a substantive due process challenge). Thus the Court dismisses the substantive due process claim for failure to state a claim under 12(b)(6).

b. <u>Procedural Due Process</u>

For a procedural due process violation, courts must determine (1) whether the individual had a protected interest making available the due process protections, and if so, (2) whether the individual was afforded appropriate process. <u>Shoats v. Horn</u>, 213 F.3d 140 (3d. Cir. 2000).

The due process rights aliens are entitled to stem from statutory rights granted by Congress. <u>Dia v. Ashcroft</u>, 353 F.3d 228 (3d Cir. 2003) (en banc). An alien does not have a liberty interest upon application or approval of a visa petition at the discretion of the agency. <u>See</u> <u>Wright v. INS</u>, 379 F.2d 275, 276 (6th Cir. 1967). A citizen has no constitutional or statutory liberty interest in having their alien spouse remain in the country. <u>Barmo</u>, 899 F. Supp. at 1384. The statutory provision giving citizens the right to petition and receive "immediate relative" status for alien spouses is not the source of a protected interest, particularly when read in conjunction with the subsequent language barring approval of petitions after finding prior marriage fraud. <u>Id.</u> Thus, Iredia has no liberty interest in the approval of his I-485 application, nor does Uba in the approval of her I-130 petition on behalf of Iredia.[5]

---

[5] The plaintiffs cite no factual or legal support for the existence of protected interests.

13

Even if the plaintiffs had protected interests, they received notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333 (1976). The plaintiffs were able to submit evidence to challenge the agency's intent to deny the petition. This evidence was duly considered, as demonstrated in the Notice of Decision. The plaintiffs also had the opportunity to appeal the decision, and the BIA's decision was accompanied with an explanation of its reasoning for the denial. The plaintiffs challenge the agency's failure to provide them with Iredia's ex-wife's statement. But the Notice of Intent to Deny provided the plaintiffs with a summary of the ex-wife's statement sufficient to explain the evidence and ground denial of the petition. See Ghaly, 48 F.3d at 1434 (finding that providing a summary of an ex-wife's statement on marriage fraud was sufficient to provide Ghaly an opportunity to address the evidence against him to comport with due process). The plaintiffs have not sufficiently demonstrated a protected interest, and even if they had, the procedures used complied with the requirements of due process.

III. Conclusion

For the reasons herein stated, the Court will grant defendants' motion to dismiss the complaint for lack of jurisdiction and/or failure to state a claim.

An appropriate order shall follow separately.